**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TYRONE BOOTH,

       Petitioner,

v.                                                                      No. CV 16-334 RB/CG

JAMES MULHERON, Warden,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Tyrone Booth's *Petition for Writ of Habeas Corpus* ("Petition"), (Docs. 1, 7), filed on April 22, 2016, and *Respondents' Answer to* Pro Se *Petitioner Tyrone Booth's Petition for Writ of Habeas Corpus [Doc. 1]* ("Response"), (Doc. 6), filed on May 26, 2016.[1] (Doc. 6). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITHOUT PREJUDICE**.

**I.**    **Procedural Background**

Petitioner is incarcerated at the Southern New Mexico Correctional Facility serving his sentences on three judgments of conviction entered in Otero County Magistrate Court in Alamogordo, New Mexico ("State Magistrate Court"). (Docs. 1 & 6).

On May 21, 2014, pursuant to the *Plea and Disposition Agreement*, Petitioner pled no contest in Cause No. M-38-DR-2013-208 in the State Magistrate Court to third-offense driving while under the influence of drugs and driving with a revoked license.

---

[1] The Court construes *Petitioner's Response to Warden's Answer*, (Doc. 7), as part of the Petition. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (holding that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys).

(Doc. 6, Ex. B). In exchange for entering the plea agreement, two other charges were dropped. (*Id.*). On that same day, the State Magistrate Court entered the *Judgment & Sentence*, (*Id.* at Ex. A), sentencing Petitioner to a period of incarceration for 364 days; 128 credited to time already served and the remaining 236 Days suspended, to be followed by a five-year period of probation. (*Id.*). "[I]n lieu of jail confinement," Petitioner was referred to the Otero County Clean Up Program to serve his probationary period. (Doc. 6, Ex. D). Petitioner was notified that, in the event he was non-compliant with his conditions of probation, he would "risk imposition of any suspended sentence that may apply in [his] case, additional charges for contempt of court, and possible probation revocation." (*Id.*).

On June 9, 2014, it was reported to the State Magistrate Court that Petitioner had violated his probation for failure to comply with its conditions. (*Id.* at Ex. E). On December 16, 2015, Petitioner appeared in person in the State Magistrate Court and admitted that he had violated his probation. (*Id.* at Ex. F). His probation in Cause No. M-38-DR-2013-208 was revoked and he was resentenced to 236 days of incarceration. (*Id.*). On that same date, Petitioner also pled no contest in Cause No. M-38-MR-2015-01352 to concealing identity and driving with a revoked license, and in Cause No. M-38-MR-2015-01354 to concealing identity, driving while license revoked, and resisting, evading, or obstructing an officer. (*Id.* at Ex. M). Petitioner was sentenced to periods of 236 and 910 days of incarceration for each cause, respectively. (*Id.* at Exs. K & N).

On April 22, 2016, Petitioner requested habeas review of his sentence in Cause Nos. M-38-DR-2013-208, M-38-MR-2015-3152, and M-38-MR2015-1354 from this Court. The Court construes the Petition as alleging that the State Magistrate Court

imposed a sentence beyond its sentencing jurisdiction, in violation of the Due Process Clause of the Fourteenth Amendment. (Docs. 1 & 7).

In response, Respondent argues that Petitioner's claims have not been exhausted in state court. (Doc. 6 at 4–7). Nevertheless, Respondent asks this Court to deny Petitioner's claims on the merits and dismiss the Petition with prejudice. (*Id.* at 8–9). In the alternative, Respondent requests that the Court dismiss the Petition without prejudice for lack of exhaustion. (*Id.* at 10).

## II.     Standard of Review

Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall*, 935 F.2d at 1110. Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

## III.    Analysis

### A. *The Court Will Construe the Petition as Being Brought under § 2254*

As a preliminary matter, the Court will address the proper avenue for Petitioner's requested relief. Petitioner appears to have filed his request for relief under 28 U.S.C. § 2241. (Doc. 1). In the Petition, he clarifies that he seeks to challenge his sentence as beyond the State Magistrate Court's jurisdiction, and therefore in violation of the Due

3

Process Clause of the Fourteenth Amendment. (Doc. 1 at 1; Doc. 7 at 2).

The Tenth Circuit is clear that "Section [ ] 2241 is a vehicle for challenging pretrial detention . . . or for attacking the execution of a sentence . . . ." *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citing *Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir.2007); *Davis v. Roberts,* 425 F.3d 830, 833 (10th Cir.2005)). By comparison, a § 2254 petition "is the proper avenue for attacking the validity of a conviction and sentence." *Id.* (quoting *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)).

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. U.S.*, 540 U.S. 375, 381 (2003) (internal citations omitted). Courts may do this in order "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 791-92 (internal citations omitted). Because Petitioner challenges his sentence as beyond the State Magistrate Court's jurisdiction, he contests the validity of the sentence itself. As a result, the Court will construe the Petition as arising under 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

    B.  <u>Whether Petitioner's Claims Have Been Exhausted</u>

Before a federal district court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A)(2) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has

4

exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism; in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.").

The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Pen'y*, 36 F.3d 1531, 1534 (10th Cir. 1994). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *See id.* "Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quotations and alterations omitted). "Fair presentation means that the petition has raised the substance of the federal claim in state court." *Id.* (citing 28 U.S.C. § 2254(c)) (alterations omitted). Further, the petitioner bears the burden of demonstrating that he exhausted all of his claims before the highest state court. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Here, Petitioner does not address his exhaustion of state court remedies, other than complain of the time-consuming "procedural morass" in filing a habeas petition in state court. (Doc. 1 at 2; Doc. 7 at 2–3). Although Petitioner acknowledges that the state

court has a process by which to challenge his sentence, albeit time-consuming, Petitioner does not claim to have directly appealed his sentence or to have filed a state habeas proceeding. Indeed, the record reflects that he has not. (Doc. 6 at Exs. H, L & O). Therefore, Petitioner's claims are wholly unexhausted. *See Herrera v. Muleron*, No. 2:15-cv-00944-JB-WPL, at *4 (D.N.M. filed Jan. 28, 2016) (unpublished) (finding a habeas petition under 2254 to be unexhausted where the petitioner cited the "procedural morass" in pursuing a state habeas proceeding, but did not claim to have filed any appeal or suit in state court).

Generally, when a habeas petition contains entirely unexhausted claims, as is the case here, the petition should be dismissed without prejudice. *United States v. Hickman*, No. 06-6068, 191 Fed. Appx. 756, 757 (10th Cir. Aug. 11, 2006) (unpublished). However, "[a]n application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). That is, "when an unexhausted claim is 'easily resolvable against the habeas petitioner,' the district court may apply section 2254(b)(2) and deny the claim on the merits." *Rudolph v. Galetka*, No. 99-4207, 208 F.3d 227, at *1 (10th Cir. Mar. 21, 2000) (unpublished) (citing *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997)).

Here, Respondent asks that the Court deny Petitioner's underlying claims on the merits, rather than dismiss Petitioner's claims without prejudice. (Doc. 6 at 7–9). However, based on the Court's review of the submissions by the parties and the record, the Court cannot say that Petitioner's unexhausted claims are easily resolvable against him, and therefore the Court will not decide those claims on their merits. As a result, the

Court finds Petitioner's claims should be dismissed without prejudice in order for Petitioner to bring them in state court.[2]

Before the Court ultimately recommends that Petitioner's unexhausted claims be dismissed, the Court must also "consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). There is no statute of limitations in New Mexico that prevents a petitioner from filing a state habeas petition. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007). Thus, Petitioner may still be able to exhaust available state remedies.

Because there is a possibility that Petitioner's unexhausted claims may still be reviewed by the New Mexico state courts, the Court finds that Petitioner's unexhausted claims should be dismissed without prejudice so that he may pursue these claims in state court. *See, e.g., Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

---

[2] Respondent does not object to dismissing the Petition without prejudice to give Petitioner an opportunity to pursue his claims in state court, as an alternative to dismissing the Petition with prejudice for lack of merit. (Doc. 6 at 10).

Accordingly, this Court finds that Petitioner has raised wholly unexhausted habeas claims which are not easily resolvable against him, and that he may still request review of those claims from the state courts. Therefore, the Court recommends that the Petition be dismissed without prejudice.

IV. **Recommendation**

Based on the above analysis, the Court recommends that all of the cognizable claims for habeas relief asserted in Petitioner's *Petition for Writ of Habeas Corpus*, (Docs. 1, 7), be **DISMISSED WITHOUT PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE