**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TYRONE BOOTH,

        Petitioner,

v.                                                          No.     CV 16-334 RB/CG

JAMES MULHERON, Warden,

        Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E.

Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 8), filed

August 1, 2016. In the PFRD, the Magistrate Judge concluded that Petitioner Tyrone

Booth has not exhausted available state remedies and recommended that his *Petition*

*for Writ of Habeas Corpus* ("Petition"), (Doc. 1), be dismissed without prejudice.

The parties were notified that written objections to the PFRD were due within 14

days. (Doc. 8 at 8). Petitioner filed *Objections to Report and Recommendations* (the

"Objections"), (Doc. 14), on August 15, 2016. After a *de novo* review of the record and

the PFRD, the Court adopts the Magistrate Judge's PFRD in its entirety.

    **I.**      **Background**

        **a.  Factual Background**

Petitioner is incarcerated at the Southern New Mexico Correctional Facility in Las

Cruces, New Mexico. (Doc. 1 at 1). On May 21, 2014, Petitioner pled no contest to

driving while under the influence of alcohol or drugs (third offense) and driving while

license revoked. (Doc. 6 at Ex. A). Petitioner was sentenced to 364 days confinement,

with 128 days of credit for time served, 236 days suspended, and five years of supervised probation. (Doc. 1 at 4). Pursuant to a plea agreement, Petitioner was also required to perform 96 hours of community service. (Doc. 6 at Exs.B, D). On May 28, 2014, Petitioner failed to report for community service in accordance with the conditions of his probation, and a Probation Violation Report was filed against Petitioner on June 6, 2014. (Doc. 6 at Ex. E).

On December 16, 2015, approximately nineteen months after his initial conviction and sentencing, Petitioner appeared in Alamogordo Magistrate Court. First, Petitioner admitted to violating his parole and was sentenced to 236 days confinement. (Doc. 6 at Exs. F, G). Petitioner then pled no contest to five other charges. (Doc. 6 at Exs. I, K, M). Petitioner was sentenced to 910 days confinement. (*Id.*). In sum, the Magistrate Judge sentenced Petitioner to 1,146 days. (*See id.*).

## b. Procedural Background

On April 22, 2016, Petitioner petitioned this Court for a writ of habeas of corpus. (Doc. 1). In his Petition, Petitioner alleged that the Magistrate Judge "exceeded [his] sentencing jurisdiction" in violation of Petitioner's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Doc. 1 at 1). First, Petitioner alleged that the Magistrate Judge lacked the authority to sentence him beyond 364 days total. (Doc. 1 at 2) (citing NMSA 1978, §§ 35-3-4(A), 31-19-1, and 30-1-6). Second, Petitioner alleged that his five-year probation sentence violated New Mexico law, which limits probation to the duration of a suspended sentence when sentenced by a Magistrate Judge. (Doc. 1 at 2) (citing NMSA 1978, § 31-20-5). Finally, Petitioner alleged that the Magistrate Judge "lost jurisdiction of the case" on January 6,

2015. (Doc. 1 at 1). Petitioner appears to be arguing that the Magistrate Judge lost jurisdiction to sentence Petitioner when the term of the suspended sentence ended.[1] (*See* Doc. 6 at 9 n.5).

Respondent answered that Petitioner's petition should be dismissed with prejudice. (Doc. 6 at 4–9). Respondent argued that the magistrate judge acted within its authority when it revoked Petitioner's parole and committed him for the term of his suspended sentence. (Doc. 6 at 9). According to Respondent, a magistrate judge may change a sentence "at any time during the maximum period for which incarceration could have been imposed.'" (Doc. 6 at 9) (quoting Rule 6-801 NMRA). Regarding the nineteen month gap, Respondent contends that the time for resentencing was tolled because Petitioner was a fugitive. (Doc. 6 at 9 n.5). Respondent did not address Petitioner's arguments that the magistrate judge lacked the authority to sentence Petitioner to five year's supervised probation or for a total confinement longer than one year.

In the PFRD, Judge Garza found that Petitioner's claims could not easily be resolved against him, that he had not pursued remedies in state court, and that he could still obtain review in New Mexico courts through state habeas corpus procedures. (Doc. 8 at 6–7). Judge Garza noted that state courts should be afforded an opportunity to correct their alleged mistakes before federal courts interfere. (Doc. 8 at 5) (citing *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). As such, Judge Garza recommended Petitioner's claim be dismissed without prejudice because of his failure to exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1)(A)(2).

---

[1]  The Court must construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**II.     Objections**

**a. Law Regarding Objections**

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the

United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a

pretrial dispositive motion to a magistrate judge for proposed findings of fact and

recommendations for disposition.  Within fourteen days of being served, a party may file

objections to this recommendation.  Rule 8(b) of the Rules Governing Section 2255

Proceedings for the United States District Courts.  A party may respond to another

party's objections within fourteen days of being served with a copy; the rule does not

provide for a reply.  FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district

judge must make a *de novo* determination regarding any part of the recommendation to

which a party has properly objected.  28 U.S.C. § 636(b)(1)(C).  Filing objections that

address the primary issues in the case "advances the interests that underlie the

Magistrate's Act, including judicial efficiency."  *United States v. One Parcel of Real*

*Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059

(10th Cir. 1996).  Objections must be timely and specific to preserve an issue for *de*

*novo* review by the district court or for appellate review.  *Id.* at 1060.  Additionally,

issues "raised for the first time in objections to the magistrate judge's recommendation

are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also*

*United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings.  Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

raised for the first time in objections to the magistrate judge's report are deemed waived.").

### b. Petitioner's Objections

Petitioner's basic objection is that the exhaustion requirement is not jurisdictional and that it should be waived because habeas corpus relief is practically unavailable to him. Petitioner objects that Judge Garza did not "analyze the time delays set forth in Rule 5-802[, n]or the actual practices of delay in the Third Judicial District Court of the State of New Mexico," or Petitioner's "verified claims of unavailability" of habeas corpus relief in New Mexico state courts. (Doc. 9 at 1). According to Petitioner, state habeas corpus relief is only "theoretical" for prisoners with short sentences because state courts take too long to decide habeas corpus petitions. (Doc. 9 at 2). Respondent did not respond to Petitioner's objections. For the following reasons, Petitioner's objections are overruled.

In the PFRD, Judge Garza explained that the exhaustion rule is based on principles of federalism and comity to state courts. (Doc. 8 at 5) (citing *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). Judge Garza also noted that if a petitioner has failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A)(2), the petition should be dismissed without prejudice. (Doc. 8 at 6) (citing *United States v. Hickman*, No. 06-6068, 191 Fed Appx. 756, 757 (10th Cir. Aug. 11, 2006).

This Court agrees with Judge Garza's analysis. The exhaustion rule is not a jurisdictional bar. *E.g. Peoples v. Castille*, 489 U.S. 346, 349 (1989), *Fay v. Noia*, 372 U.S. 391, 419–20 (1963). Rather, the exhaustion rule is founded on the idea that federal courts should not overturn a state court conviction without first giving the state courts a

chance to correct any error. *See, e.g.*, *id.* ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."), *Darr v. Burford*, 339 U.S. 200, 204 (1963) ("it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."). Exhaustion of state remedies is especially important when a petition rests on unresolved questions of state law. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987) ("If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.").

In this case, Petitioner argues that state magistrate judges have limited statutory authority and the magistrate judge lacked authority to sentence him; therefore, he is being held in violation of his U.S. Constitutional rights. (*See* Doc. 1 at 1–2.). According to Petitioner, the state magistrate judge: (1) lost statutory jurisdiction to sentence Petitioner after the suspended sentence expired; (2) lacked statutory jurisdiction to sentence Petitioner to five years' probation; and (3) lacked statutory jurisdiction to sentence Petitioner to a total sentence longer than one year. Thus, whether or not Petitioner's federal constitutional rights are being violated depends exclusively on interpretation of state law. Because Petitioner's claims are based on unresolved questions of state law, this Court concludes that "both comity and judicial efficiency …

6

make it appropriate for the [C]ourt to insist on complete exhaustion." *Granberry*, 481 U.S. at 134–5.

Second, Petitioner objects that state relief is practically unavailable to him because New Mexico courts take too long to adjudicate habeas corpus petitions. (Doc. 9 at 2). In extreme cases, a state's inexcusable or inordinate delay "may make the state process ineffective to protect the petitioner's rights and excuse exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994). However, the petitioner must be experiencing the delay himself. *See Harris*, 15 F.3d at 1555–56 (discussing cases were the exhaustion requirement was waived because petitioners suffered delay themselves). State habeas corpus relief remains available to Petitioner, and he has suffered no delay himself. The Court cannot find any example of the exhaustion requirement being waived because of undue delay suffered by someone other than the petitioner. Thus, the Court does not find it appropriate to waive the exhaustion requirement in these circumstances.

### III.    Conclusion

The Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's claims should be dismissed without prejudice. Petitioner's objections are therefore overruled.

For the reasons stated above, **IT IS HEREBY ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (Doc. 8), be **ADOPTED**, and the *Petition*, (CV Doc. 1), be **DISMISSED WITHOUT PREJUDICE**.

_____
THE HONORABLE ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE